1  GREGORY L. KIRAKOSIAN  (SBN 294580)
2  [greg@kirakosianlaw.com]
   **KIRAKOSIAN LAW, APC**
3  11684 VENTURA BLVD., SUITE 975
   STUDIO CITY, CALIFORNIA 91604
4  TELEPHONE: (213) 986-5389
   FACSIMILE:  (213) 477-2355
5
   *Attorneys for Plaintiff,* CESAR PUGA
6
7
8                  **UNITED STATES DISTRICT COURT**
9                  **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11 CESAR PUGA, | **Case No.:  5:25-cv-2079** |
| 12            Plaintiff, | **PLAINTIFF´S  COMPLAINT FOR DAMAGES** |
| 13 | |
| 14      vs. | 1.  Unlawful Search and Seizure (42 U.S.C. § 1983); |
| 15 CITY OF RIVERSIDE, and DOE | 2.  Excessive Force (42 U.S.C. § 1983); |
| 16 OFFICERS 1-10, | 3.  Americans with Disabilities Act Violation (42 U.S.C. § 12132); |
| 17            Defendants, | 4.  Denial of Medical Care (42 U.S.C. § 1983); and |
| 18 | 5.  Failure to Prevent Violation of Others (42 U.S.C. § 1983). |
| 19 | |
| 20 | |
| 21 | **DEMAND FOR JURY TRIAL** |

22
23
24
25
26
27
28

**KIRAKOSIAN LAW, APC**

**INTRODUCTION**

1.     Plaintiff Cesar Puga ("Plaintiff"), hereby files this Complaint for Damages against City of Riverside and DOE Officers 1-10. As discussed in further detail herein, this Complaint arises out an incident that occurred on February 15, 2024, at or near 6432 Wineville Ave, in the City of Jurupa Valley, in the County of Riverside. Plaintiff alleges that the Defendants´ conduct constituted or led to the violation of Plaintiff´s Fourth Amendment rights and accompanying State law violations against Plaintiff.

**JURISDICTION AND VENUE**

2.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff´s claims arises under the laws of the United States, including the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983.

3.     This Court has supplemental jurisdiction over Plaintiff´s State law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Riverside, California, and because all Defendants reside in the County of Riverside, California.

**PARTIES AND GENERAL ALLEGATIONS**

5.     At all relevant times, the Individual Plaintiff Cesar Puga was residing in the County of Riverside, California.

6.     At all relevant times, DOE Officers 1-10, were individuals residing in the County of Riverside, California. Hereinafter, these Defendants will be referred to collectively as the "Individual Officers."

KIRAKOSIAN LAW, APC

7. At all relevant times, the Individual Officers were acting under the color of law within the course and scope of their employment and duties as agents for Defendant City of Riverside. At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Riverside. Pursuant to California Government Code Section 815.2, Defendant City of Riverside is vicariously liable for the acts, omissions and conduct of its employees.

8. At all relevant times, Defendant City of Riverside is and was a governmental entity organized and existing under the laws of the State of California in the County of Riverside, California. Herein after, the Individual Officers and City of Riverside will be collectively referred to as "Defendants".

9. At all relevant times, City of Riverside is and was a chartered subdivision of the State of California with the capacity to be sued. City of Riverside is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Officers. At all relevant times, Defendant City of Riverside was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Officers.

10. The true names and/or capacities of the Individual Officers designated as DOES are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend the Complaint to identify the true names and capacities of said DOE Defendants when their names are ascertained.

11. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times,   each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope,

and authority of such agency, employment, service, successor-in-interest and/or joint venture.

12.    Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant is contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth herein. Plaintiff

13.    Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant acting as an employer or principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

14.    Plaintiff is informed and believes, and upon such information and belief, alleges that, the acts of each Defendant was fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff is informed and believes, and upon such information and belief, alleges that, the actions, failures to act, and breaches alleged herein are attributed to one or more Defendant was approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## SHORT STATEMENT OF INCIDENT

15.    The "Incident" at issue in this action occurred on February 15, 2024, at approximately 7:00 p.m., at or near 6432 Wineville Avenue, in the City of Jurupa Valley, in the County of Riverside.

16.    Prior to any law enforcement interaction, Plaintiff had a mental health crisis and had attempted suicide by shooting himself in the head. Plaintiff is informed and believes that Plaintiff's mother assisted him called 911 to report the serious medical emergency and that Plaintiff had a mental health crisis. Plaintiff was assisted outside, unarmed, and was awaiting the police response.

17.    When the Police arrived, Plaintiff had a visible gunshot wound. Upon

KIRAKOSIAN LAW, APC

their approach, the Individual Officers asked Plaintiff whether he was armed. Plaintiff immediately raised his hands and shirt to show that he was unarmed and posed no threat to the Individual Officers. Despite this, the Individual Officers refused to allow Plaintiff to receive treatment. Instead, they commanded that Plaintiff, who was suffering from a gunshot would to the head, to get down on the ground. The Individual Officers seemingly expected Plaintiff to comply with the request.

18.   Eventually, the Individual Officers approached Plaintiff, handcuffed him behind his back, and repeatedly attempted to various pain compliance techniques despite Plaintiff's injuries, being unarmed, and already being handcuffed and surrounded by multiple Individual Officers.  This use of force caused Plaintiff's rotator cuff to tear. At the time, Plaintiff was actively bleeding from his self-inflicted head wound and in extreme pain.

19.   A paramedic on scene intervened and informed the Individual Officers that Plaintiff required immediate emergency medical attention due to the severity of his injury. Plaintiff was then transported to a nearby hospital in critical condition, where he fell into a coma and awoke three days later.

20.   As a result of the Individual Officers' conduct, Plaintiff suffered damages including but not limited to: past and future economic and non-economic losses and the violation of Plaintiff's State and Federal civil rights.

21.   For the conduct alleged above, Plaintiff hereby bring the following causes of action:

## **FIRST CLAIM FOR RELIE**

### **Unlawful Search and Seizure in Violation of 42 U.S.C. § 1983**

### (*Plaintiff Against All Individual Officers*)

22.   Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

23.   On February 15, 2024, the Individual Officers stopped, searched, and seized the Plaintiff's person.

KIRAKOSIAN LAW, APC

24.    The Individual Officers searched and seized Plaintiff´s person and property, and did so intentionally, in that the Individual Officers acted with a conscious objective to search and seize Plaintiff.

25.    Specifically, by means of force and a show of authority, the Individual Officers commanded and ordered that the Plaintiff refrain from moving, leaving the location of the interaction, or going about his business.

26.    At all relevant times, the encounter was not a consensual encounter, but a search and seizure in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff´s business.

27.    At all relevant times before the Individual Officers conducted the search and seizure, the Individual Officers did not have a warrant to conduct the search and seizure.

28.    At all relevant times before and at the time the Individual Officers conducted the search and seizure, the Individual Officers did not have the express consent of Plaintiff to conduct the search and seizure.

29.    At all relevant times before, during, and after the Individual Officers conducted the search and seizure, the Individual Officers did not state any reason or basis as to why the seizure was needed, necessary, reasonable, or lawful.

30.    At all relevant times before the Individual Officers conducted the seizure, the Plaintiff had not, did not, and was not about to commit any crime. Moreover, Plaintiff is informed and believes, and upon such information and belief, alleges that the Individual Officers observed no facts or circumstances that would lead a reasonable law enforcement officer to believe that Plaintiff had, did, or was about to commit any crime.

31.    At all relevant times before the Individual Officers conducted the seizure, the Plaintiff was not subject to a lawful arrest.

32.    At all relevant times before and at the time the Individual Officers conducted the search and seizure, there was no lawful or justifiable basis that would

KIRAKOSIAN LAW, APC

justify the scope or length of the search and seizure.

33.    At all relevant times before and at the time the Individual Officers conducted the search and seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to believe that Plaintiff´s might gain possession of a weapon.

34.    At all relevant times before the Individual Officers conducted the search and seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to reasonably believe that Individual Officers might destroy or hide evidence.

35.    At all relevant times before the Individual Officers conducted the search and seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to reasonably believe that there were any exigent circumstances where there was insufficient time to get a search warrant.

36.    When conducting the search and seizure, the Individual Officers violated Plaintiff´s  rights to be secure against unreasonable searches and seizures as guaranteed to Plaintiff under both State law and the Fourth Amendment to the United States Constitution.

37.    The Individual Officers conducted the search and seizure, as described herein, and did so intentionally, in that it was their conscious objective to search and seize Plaintiff.

38.    Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn that Plaintiff had committed, was committing, or was about to commit any crime.

39.    Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn to conclude that the search and seizure was reasonable or lawful under the circumstances.

40.    Although not required as proof of the unlawful search and seizure, Plaintiff alleges that the Individual Officers acted with either the knowledge and intent

KIRAKOSIAN  LAW, APC

KIRAKOSIAN LAW, APC

to violate Plaintiff´s civil rights, or with a reckless disregard that their intentional actions would likely lead to the violation of Plaintiff´s civil rights.

41.    Individual Officers violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

42.    The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

43.    The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

44.    The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

45.    As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff´s injuries, either because they were integral participants in causing damages and the violation of Plaintiff´s civil rights, or because they failed to intervene to prevent these violations.

46.    As described above, conduct and actions of the Individual Officers deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

47.    Due to the conduct of the Individual Officers, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff´s damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

48.    The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff´s rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiff´s rights, so as to justify the assessment of punitive and

exemplary damages against the Individual Officers in a sum to be established according to proof.

## SECOND CLAIM FOR RELIEF

### Excessive Force in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Officers*)

49.   Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

50.   As alleged herein, on February 15, 2024, the Individual Officers seized Plaintiff′s person.  When doing so, the Individual Officers did so with the use of unnecessary, unreasonable, and excessive force.  Specifically, the Individual Officers lifted Plaintiff′s arms behind his back with such force that it caused Plaintiff to suffer a torn rotator cuff in his right shoulder, resulting in sharp pain, significant impairment, and lasting reduction in mobility.

51.   At all relevant times, the Individual Officers had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose persons to reasonably foreseeable risks of injury, including, but not limited to, the use of excessive force that caused harm to Plaintiff.

52.   Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

53.   At all relevant times and specifically at the time that force was used:

a.   The nature of the crime or other circumstances known to the Individual Officers was not of the type that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

b.   The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiff posed an immediate threat

KIRAKOSIAN LAW, APC

to the safety of the Individual Officers or to others;

c.    The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiff were actively resisting arrest or attempting to evade arrest by flight;

d.    The Individual Officers had a reasonable amount of time that would lead a reasonable law enforcement officer to determine that a less intrusive and less excessive amount of force would accomplish the lawful objectives of the Individual Officers.

e.    No reasonable law enforcement officer would determine that the amount of force used by the Individual Officers was reasonable or necessary given the need for the use of force;

f.    The Individual Officers made no efforts to temper or limit the amount of force used, and in fact, had equally effective and available alternative methods to accomplish the lawful (or even unlawful) objectives of the Individual Officers;

g.    There were no ongoing criminal actions, violent actions, or security problems that would lead a reasonable law enforcement officer to believe that the amount of force used by the Individual Officers was reasonable, lawful, necessary, or justifiable;

h.    There were no officers or persons' lives which were at risk by the circumstances or conduct by Plaintiff that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

i.    It was practical for a reasonable law enforcement officer to give warnings of an imminent intention to use such a degree of force, yet the Individual Officers failed to give such warning;

j.    It would have been readily apparent to any reasonable law enforcement officer that Plaintiff was experiencing both mental and physical

KIRAKOSIAN LAW, APC

limitations. Plaintiff had just sustained a self-inflicted gunshot wound to the head, and his mother had called 911 reporting a suicide attempt. Plaintiff exhibited clear signs of emotional crisis, including suicidal ideation. In addition, Plaintiff was visibly injured, bleeding from the head, and physically compromised, which substantially limited his ability to care for himself or respond to commands. These limitations are further described in Plaintiff's ADA claim below.

k.     There was no probable cause for a reasonable officer to believe that Plaintiff had engaged in any violent or threatening conduct, nor were the Individual Officers responding to any calls arising from alleged violence.

54.    The Individual Officers violated Plaintiff's State and Federal civil rights by using excessive force when the Individual Officers violently, recklessly, and needlessly escalated an encounter into one with the use of extreme physical force.

55.    No objective facts readily available and known to the Individual Officers could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiff was reasonable, lawful, or justified.

56.    Further, the Defendants' actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

57.    Defendants' unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

58.    The Individual Officers knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff.

59.    The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

60.    The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of

emotional distress.

61.    The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

62.    As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff´s injuries, either because they were integral participants in causing damages and the violation of Plaintiff´s civil rights, or because they failed to intervene to prevent these violations.

63.    As described above, conduct and actions of the Individual Officers deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

64.    Due to the conduct of the Individual Officers, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff´s damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

65.    The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff´s rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiff´s rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

## THIRD CLAIM FOR RELIEF

### Violations of the Americans with Disabilities Act (42 U.S.C. § 12132)

(*Plaintiff Against the City of Riverside*)

66.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

67.    At all relevant times, Plaintiff was a "qualified individual with a disability" under the Americans with Disabilities Act, 42 U.S.C. § 12131(2). Plaintiff

KIRAKOSIAN LAW, APC

had a mental health condition, including but not limited to suicidal ideation, that substantially limited his ability to care for himself and manage his mental health.

68.    The City of Riverside is a covered entity for purposes of enforcement of the ADA, 42 U.S.C. §12131 (2), as explained by regulations under these laws. The City of Riverside is mandated under the ADA not to discriminate U.S.C. §12182 (a).

69.    Under the ADA, the City of Riverside is mandated to develop effective procedures for interactions with individuals with mental disabilities and to ensure the protection of their personal and civil rights.

70.    The Individual Officers knew that Plaintiff was suffering from a mental health crisis, but they did not take that into account when they chose to escalate the situation, shout simultaneously, and ultimately use excessive force.

71.    The Individual Officers had numerous options to reasonably accommodate Plaintiff´s condition and mental health crisis, including but not limited to the following:

a.    Deploying a Crisis Intervention Team (CIT) with officers specially trained in mental health crisis intervention;

b.    Requesting the assistance of a mental health professional to accompany officers or provide immediate consultation;

c.    Employing de-escalation techniques such as calm communication, active listening, and non-threatening body language;

d.    Implementing time and distance strategies to create physical space and allow more time for the situation to de-escalate;

e.    Following clear, empathetic communication protocols designed for interacting with individuals in crisis;

f.    When safe and possible, involving family members or friends who could help communicate and deescalate the situation;

g.    Deploying a specialized mobile crisis team that includes both law enforcement and mental health professionals;

**PLAINTIFF´S COMPLAINT FOR DAMAGES**

h.     Utilizing trained negotiators to communicate and work towards a peaceful resolution;

i.     Use the fact that Plaintiff was alone in a safe environment in which no other persons were at risk and use that time and space dialogue and work towards a peaceful resolution.

j.     Allow Plaintiff the ability to move to a temporary safe environment to continue dialogue and assessment without immediate threat;

k.     Refraining from yelling, shouting, threatening, and brandishing firearms, which can escalate tensions and exacerbate the mental health crisis of an individual;

l.     Implementing a tactical retreat by creating a physical barrier to establish a safer environment for verbal de-escalation.

m.     Immediately requesting paramedic-led intervention without physically engaging the Plaintiff;

n.     Avoiding physical restraint and instead engaging in verbal de-escalation strategies;

o.     Recognizing the urgent need for medical care and avoiding tactics that delayed treatment;

p.     Using calm, supportive communication in response to Plaintiff's verbal expression of his condition;

q.     Acknowledging Plaintiff's surrender and distress and prioritizing emergency response over restraint.

72.     As described above, the Individual Officers had numerous options to reasonably accommodate Plaintiff's condition.

73.     The City of Riverside and its agents violated the ADA by: failing to properly train its police officers to respond and interact peacefully with persons with mental disabilities or suffering from a mental health crisis, failing to follow procedures for de-escalation and non-excessive force in interactions with persons

KIRAKOSIAN LAW, APC

experiencing a mental health crisis, and failing to utilize any of the above reasonable accommodations.

74.    The Individual Officers knew, or in the exercise of ordinary and reasonable care should have known, that Defendants´ conduct posed a significant risk of harm to Plaintiff.

75.    The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

76.    The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

77.    The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

78.    As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff´s injuries, either because they were integral participants in causing damages and the violation of Plaintiff´s civil rights, or because they failed to intervene to prevent these violations.

79.    As described above, conduct and actions of the Individual Officers deprived Plaintiff of rights guaranteed by the ADA, resulting in harm and damages to Plaintiff, as described herein.

80.    Due to the conduct of the Individual Officers, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff´s damage in a sum to be proved at trial.

## FOURTH CLAIM FOR RELIEF

### Denial of Medical Care in Violation of 42 U.S.C. § 1983

*(Plaintiff Against All Defendants)*

81.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

82.    At all relevant times, the Individual Officers had a duty to use reasonable

KIRAKOSIAN LAW, APC

care in their interaction with the Plaintiff and to ensure he is free from foreseeable risks of harm and not to expose him to reasonably foreseeable risks of injury, including, but not limited to, causing harm to Plaintiff as alleged herein.

83.    As described herein, the Individual Officers breached that duty of care owed to the public and to the Plaintiff by failing to act with the requisite care required and engaging in the violation of Plaintiff´s rights by unreasonably denying Plaintiff medical attention as he suffered from a gunshot wound. .

84.    The Individual Officers knew, or in the exercise of ordinary and reasonable care should have known, that their conduct posed a significant risk of harm to Plaintiff.

85.    Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn to conclude that Plaintiff was not in need of medical attention or that the other conduct of Defendants took precedent over Plaintiff's emergent need of medical attention.

86.    Individual Officers violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

87.    The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff´s State and Federal civil rights.

88.    The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

89.    The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

90.    As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff´s injuries, either because they were integral participants in causing damages and the violation of Plaintiff´s civil rights, or because they failed to intervene to prevent these violations.

KIRAKOSIAN LAW, APC

KIRAKOSIAN LAW, APC

91.    At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Riverside. Pursuant to California Government Code Section 815.2, Defendant City of Riverside is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

## FIFTH CLAIM FOR RELIEF

### Failure to Prevent Violations of Others in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Officers*)

92.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

93.    As described herein, the Individual Officers violated Plaintiff´s civil rights.

94.    As Plaintiff´s rights were being violated, the Individual Officers were present and witnessed the conduct of each other Defendant.

95.    Based on the facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn that the conduct of each other Defendant was lawful or justified.

96.    The Individual Officers had an affirmative duty to preserve the peace and protect Plaintiff´s right to be free from harm and the violation of Plaintiff´s rights. This includes the duty to stop others from violating the law and specifically from unlawfully searching, seizing, detaining, and arresting individuals, including the Plaintiff.

97.    The Individual Officers were in a position and had the ability to stop the unlawful conduct against Plaintiff and had knowledge or should have known that his rights were being violated.  However, the Individual Officers intentionally refused to act, failed to prevent it, and allowed the conduct to continue.

98.    The Individual Officers knew, or in the exercise of ordinary and reasonable care should have known, that Defendants´ conduct posed a significant risk

1  of harm to Plaintiff.

2       99.   The Individual Officers knew that their conduct could and would likely

3  result in the violation of Plaintiff´s State and Federal civil rights.

4       100.  The Individual Officers knew that their conduct could and would likely

5  result in further significant injury or the unnecessary and wanton infliction of

6  emotional distress.

7       101.  The Individual Officers disregarded the risks that their conduct would

8  likely result in a violation of rights and cause damages to Plaintiff.

9       102.  As a result of the misconduct alleged herein, the Individual Officers are

10  liable for Plaintiff´s injuries, either because they were integral participants in causing

11  damages and the violation of Plaintiff´s civil rights, or because they failed to intervene

12  to prevent these violations.

13      103.  As described above, conduct and actions of the Individual Officers

14  deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth

15  Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as

16  described herein.

17      104.  Due to the conduct of the Individual Officers, Plaintiff has been required

18  to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff´s

19  damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

20      105.  The Individual Officers acted in a willful, wanton, malicious, and

21  oppressive manner with a conscious disregard of Plaintiff´s rights conferred upon

22  Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing

23  damages. In so acting, the Individual Officers manifested a conscious or reckless

24  disregard for Plaintiff´s rights, so as to justify the assessment of punitive and

25  exemplary damages against the Individual Officers in a sum to be established

26  according to proof.

27  / / /

28

KIRAKOSIAN LAW, APC

PLAINTIFF´S COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cesar Puga hereby demands a jury trial on all causes of action and prays for relief and judgment against City of Riverside and its Individual Officers as follows:

1.   For past and future general damages in an amount to be determined by proof at trial;

2.   For past and future special damages in an amount to be determined by proof at trial;

3.   For punitive and exemplary damages against the Individual Officers;

4.   For reasonable attorneys' fees and costs as provided by statute;

5.   For all penalties  and other special damages as allowable by law;

6.   For costs of suit incurred herein;

7.   For interest; and

8.   For such other and further relief as the Court deems just and proper.


Date:  August 8, 2025                         **KIRAKOSIAN LAW,  APC**

By _____
   GREG L. KIRAKOSIAN
   RAFFI S. BATANIAN
   *Attorneys for Plaintiff,*
   CESAR PUGA

KIRAKOSIAN  LAW, APC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KIRAKOSIAN LAW, APC